UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TACARA LEONTINE JAMES,

          Plaintiff,

         v.                                        **DECISION AND ORDER**
                                                            17-CV-60S
NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL SECURITY,

          Defendant.
_____

      1.      Plaintiff Tacara James challenges the determination of an Administrative Law Judge ("ALJ") that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges she has been disabled since April 24, 2011, due to Schizophrenia, vertebrogenic disorder, and chiari malformation[1] with headaches. Plaintiff contends that her impairments render her unable to work, and thus, she is entitled to disability benefits under the Act.

      2.      Plaintiff filed an application for disability benefits and supplemental security income on January 31, 2012, which was denied on April 5, 2012. Plaintiff thereafter requested a hearing before an ALJ on April 10, 2012. On April 2, 2013, ALJ Nancy L. Pasiecznik held a hearing at which Plaintiff appeared with counsel and testified. On April 10, 2015, ALJ Donald T. McDougall held a second administrative hearing at which Plaintiff again appeared with counsel and testified. At the time of the second hearing, Plaintiff

---

[1] "Chiari malformation is 'a congenital anomaly in which the cerebelum and medulla oblongata, which is elongated and flattened, protrude into the spinal canal through the foramen magnum. . . . [T]ype 1 involves prolapse of the cerebellar tonsils into the spinal canal without elongation of the brainstem.'" Duran v. Colvin, No. 14 CIV. 4681 AJP, 2015 WL 4476165, at *3 (S.D.N.Y. July 22, 2015) (quoting *Dorland's Illustrated Medical Dictionary* at 1098 (32d ed. 2012)).

was 32 years old, with a General Educational Development ("GED") degree, and past work experience as a counselor aide. The ALJ considered the case *de novo* and, on April 23, 2015, issued a written decision denying Plaintiff's application for benefits. The Appeals Council denied Plaintiff's request for review on November 21, 2016. Plaintiff filed the current action on January 23, 2017, challenging the Commissioner's final decision.[2]

3. On August 31, 2017, Plaintiff filed a Motion for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket No. 10.) On November 27, 2017, the Commissioner filed a Motion for Judgment on the Pleadings. (Docket No. 16.) Plaintiff filed a reply on December 18, 2017 (Docket No. 17), at which time this Court took the matter under advisement without oral argument. For the following reasons, Plaintiff's motion is denied, and Defendant's motion is granted.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the

---

[2] The ALJ's August 3, 2015 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled.  482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

7. The five-step process is as follows:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities.

3

> If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work. Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

8. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since April 24, 2011, the alleged onset date (R. at 10);[3] (2) Plaintiff's Schizophrenia, vertebrogenic disorder, and chiari malformation with headaches are severe impairments within the meaning of the Act (R. at 10); (3) Plaintiff does not have an impairment or

---
[3] Citations to the underlying administrative record are designated as "R."

4

combination of impairments that meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 10); (4) Plaintiff retained the residual functional capacity ("RFC") to perform medium work as defined in 20 CFR 404.1567(c) and 416(c), with certain exceptions,[4] and that this RFC precluded Plaintiff from performing any past relevant work (R. at 19); and (5) considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (R. at 20-21). Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act during the relevant period—April 24, 2011, through April 23, 2015. (R. at 21.)

10. Plaintiff makes two challenges to the ALJ's decision. First, Plaintiff contends that the ALJ's physical RFC determination is not supported by substantial evidence because the ALJ (1) failed to consider the medical opinions of Drs. Huckell, Sterman, and Calabrese; (2) violated the treating physician rule; and (3) interpreted raw medical findings in fashioning his RFC assessment. Plaintiff filed her application for benefits on January 31, 2012, claiming a disability onset date of April 24, 2011. From the record, it appears that Dr. Huckell treated Plaintiff from May 2009 through December 2009 (R. at 818-30, 832-35); Dr. Sterman saw Plaintiff in December 2008 and again in June 2009 (R. at 876-78, 880-81); and Dr. Calabrese treated Plaintiff from April 2009 through June 2010 (R. at 755-817). Courts have found medical opinions provided prior to the alleged onset date to be relevant in some situations, particularly where there is scant

---

[4] The ALJ found that Plaintiff retained the RFC for medium work, except that she must be able to change positions briefly (every one to two minutes) at least every half-hour; she should not perform fast-paced or assembly line or other high-quota work; she should have no more than occasional balancing, stooping, kneeling, crouching, or crawling; she should do not more than occasional stairs or ramps; and she should not work at heights or around dangerous or moving machinery. (R. at 14.)

5

evidence from the disability period. See Binder v. Comm'r of Soc. Sec., No. 5:15-CV-738 (NAM), 2016 WL 4079533, at *4 (N.D.N.Y. July 29, 2016) (collecting cases). But that is not the case here, as Plaintiff has several treatment records from the relevant period, as well as the March 16, 2015 opinion of Dr. Bennett, all of which the ALJ took into consideration. (R. at 18-19.). Because the record was complete, the ALJ was under no obligation to look outside the relevant period for additional evidence. See 20 C.F.R. § 404.1512(d) (complete medical history includes the 12 months preceding the month in which application is filed); McManus v. Comm'r of Soc. Sec., 298 F. App'x 60, 61 (2d Cir. 2008) ("no error in the ALJ's decision to exclude additional evidence proffered by" plaintiff where the "evidence pre-dated the time period the ALJ was required to consider under 20 C.F.R. § 404.1512(d)"); Kentile v. Colvin, No. 8:13-CV-880 MAD/CFH, 2014 WL 3534905, at *14 n.10 (N.D.N.Y. July 17, 2014) ("The administrative record contains treatment notes from other providers. However, the ALJ is not compelled to consider or assign weight to treatment that predates plaintiff's application for disability benefits."). Accordingly, there was no error in excluding or discounting the opinions of Drs. Huckell, Sterman, and Calabrese. See Williams v Colvin, 98 F. Supp. 3d 614, 631 (W.D.N.Y. 2015).

11. With respect to Plaintiff's argument regarding the treating physician rule, it is true that an ALJ is obligated to give a treating source's medical opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record." 20 C.F.R. § 404.1527(c)(2). Here, Dr. Bennett's assessment of Plaintiff's abilities was not consistent with his own internal notes or with the remainder of the record.

For example, on March 16, 2015, Dr. Bennett completed a physical residual functional capacity questionnaire for Plaintiff. (R. at 1194-98.) He diagnosed Plaintiff with chronic back pain and decreased range of motion and opined that Plaintiff was limited to sitting one hour at a time, standing fifteen minutes at a time, and lifting less than ten pounds rarely. (R. at 1194-96.) This marked limitation is contradicted by his own records, which state that Plaintiff consistently reported that her back pain was "relieved by over-the-counter medication." (R. at 18, 1071, 1094.) Plaintiff's treatment records also contradict the level of limitation suggested by Dr. Bennett. Plaintiff was consistently diagnosed with "full strength," a "normal range of motion," and normal coordination. (R. at 479, 927, 1073, 1117.)

The treating physician rule applies only when the medical opinion of the treating physician "is well supported by medical findings and not inconsistent with other substantial record evidence." Shaw v Chater, 221 F.3d 126, 134 (2d Cir. 2000). Accordingly, the ALJ did not err in assigning Dr. Bennett's opinion less than controlling weight, in light of the other evidence in the record. Halloran v Barnhart, 362 F.3d 28, 32 (2d Cir. 2004) ("the opinion of the treating physician is not afforded controlling weight where . . . the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts.").

12. Plaintiff further argues that "an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings." Wilson v. Colvin, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (citations omitted). However, it is the ALJ's responsibility to determine a claimant's RFC based on all the relevant medical and other evidence on the record, 20 C.F.R. §§ 404.1527(d)(2), 404.1545(a), 404.1546(c), and the

7

ALJ is permitted to assess RFC when the record contains sufficient evidence from which an RFC can be determined. See Tankisi v. Comm'r of Soc. Sec., 521 Fed. App'x 29, 34 (2d Cir. 2013) (summary order). In other words, a medical source statement or formal medical opinion is not required for an ALJ to make an RFC determination where there is sufficient basis in the record to support the RFC. See Pellam v. Astrue, 508 Fed. App'x 87, 90 (2d Cir. 2013) (summary order) (upholding ALJ's RFC determination where the ALJ relied on physician's findings and treatment notes); see also Rosa, 168 F.3d at 79 n.5 ("[W]here there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information." (internal quotation marks omitted)).

In this case, the ALJ properly based his RFC determination on the medical treatment notes and diagnostic records, as well as Plaintiff's testimony. The ALJ considered and discussed the medical evidence and findings concerning Plaintiff's back pain, headaches, and mental impairments, none of which reflect a disabling condition. (R. at 13-19.) The ALJ further considered Plaintiff's testimony, crediting some portions of that evidence to arrive at his conclusion that Plaintiff's RFC for medium work should be limited to exclude fast-paced or high-quota work, and complex instructions, while allowing only occasional contact with co-workers, balancing, stopping, kneeling, crouching, and crawling. (Id.) He did not reject Dr. Bennett's opinion in its entirety, he merely gave less weight to the conclusory statements that were not supported by the record. (R. at 19, noting that Dr. Bennet's opinion "nearly supports" the RFC.) The administrative record was thus "adequate for [the ALJ] to make a determination as to disability." See Perez v. Chater, 77 F.3d 41, 48 (2d Cir. 1996).

13. Second, Plaintiff argues that the ALJ did not properly consider certain limitations. Specifically, she contends that the ALJ's decision contains no analysis of the impacts of her headaches on the RFC, and that the ALJ's findings regarding her mental impairments were "arbitrary" and did not rely on any medical opinion. In assessing RFC,

> the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.' While a 'not severe' impairment standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim.

SSR 96-8P, 1996 WL 374184, at *5. However, if the ALJ considers all of an individual's impairments, and "the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [the court] will not substitute [its] judgment for that of the Commissioner." Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002). Even where there is substantial evidence in the record weighing against the Commissioner's findings, the determination will not be disturbed so long as substantial evidence also supports it. See Marquez v. Colvin, 2013 WL 5568718, at *7 (S.D.N.Y. Oct. 9, 2013) (citing DeChirico v. Callahan, 134 F.3d 1177, 1182 (2d Cir. 1998) (upholding the Commissioner's decision where there was substantial evidence for both sides)).

Here, the ALJ gave a detailed analysis of Plaintiff's headaches when making his RFC determination. Plaintiff argues that the ALJ "cherry-picked" his references to the record, while providing her own summary of the history of her headaches. (Pl.'s Br. at 24-27.) But Plaintiff's summary is not materially different from the discussion in the ALJ's decision. The ALJ considered Plaintiff's history with headaches over three paragraphs, stating that Plaintiff "has daily headaches" and "struggle[s] with migraines." (R. at 17-18.) He noted that Plaintiff consistently told her doctors that the headaches improved with

medication, but that her compliance with medical advice was oftentimes poor. (Id.) This is consistent with the medical records, which show that "Cambria [was] reported as offering complete relief" of Plaintiff's headaches. (R. at 1147.) Because the ALJ's discussion "rests on adequate findings supported by evidence having rational probative force," there is no error. See Veino, 312 F.3d at 586.

The ALJ also thoroughly analyzed Plaintiff's mental impairments. Plaintiff argues that the ALJ considered them "arbitrarily" without relying on any medical opinion. (Pl.'s Br. at 27.) In his decision, the ALJ discusses Plaintiff's mental impairments at length, citing medical reports from at least three doctors—Drs. Hong Yu, Susan Santarpia, and Brian Joseph—as well as a licensed clinical social worker and a clinical staff member. (R. at 15-17.) In his analysis, the ALJ acknowledged Plaintiff's "long history of mental health symptoms," noting her struggles with paranoia and schizophrenia. (R. at 15.) However, relying on opinions by Dr. Santarpia and Dr. Joseph, the ALJ found that Plaintiff's signs and symptoms were improving and that her schizophrenia was "essentially in remission." (R. at 15, 482, 892-93.) This finding is also consistent with follow-up examinations, with one nurse practitioner indicating that Plaintiff's condition was "remarkably improved." (R. at 898.) Numerous medical reports also showed Plaintiff's symptoms were in remission, with Plaintiff telling Dr. Horacio Capote that her psychosis had "largely gone away." (R. at 590-92, 624, 901, 949-50.) Again, because the ALJ's decision "rests on adequate findings supported by the evidence," there is no basis for remand. See Veino, 312 F.3d at 586.

14. Having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds no error in the ALJ's determination. The decision contains an adequate

discussion of the medical evidence supporting the ALJ's determination that Plaintiff was not disabled, and Plaintiff's aforementioned contentions are unavailing. Plaintiff's Motion for Judgment on the Pleadings is therefore denied, and Defendant's motion seeking the same relief is granted.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 10) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 16) is GRANTED.

FURTHER, that the Clerk of Court is directed to close this case.

SO ORDERED.

Dated: June 27, 2018
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge